**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 24-58210-BEM |
| | ) | |
| ALCOVY TRUCKING, LLC, | ) | CHAPTER 11 |
| Debtor. | ) | |

### OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION

**COMES NOW** DEERE & COMPANY ("Deere"), a creditor and party in interest, and files this Objection to Debtor's First Amended Chapter 11 Subchapter V Plan of Reorganization, and in support thereof, respectfully states as follows:

### Background

1.

Alcovy Trucking, LLC (the "Debtor") filed a petition for relief under Chapter 11 Subchapter V of Title 11 of the United States Code on August 6, 2024 (the "Petition Date"). On November 21, 2024, Debtor filed its First Amended Chapter 11 Subchapter V Plan of Reorganization (the "Subchapter V Plan") (Docket No. 50)[1].

2.

Gary M. Murphey was duly appointed as the Chapter 11 Subchapter V Trustee pursuant to 11 U.S.C. § 1183(a). (Docket No. 3).

---

[1] Debtor previously filed its initial Chapter 11 Subchapter V Plan of Reorganization on November 4, 2024 (Docket No. 38).

3.

Jurisdiction over this matter and over Debtor is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 1190 and 1191.

4.

This objection is a contested matter pursuant to Bankruptcy Rules 3020 and 9014.

5.

Venue over this matter is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1409.

**The Security Agreement**

**Contract No. \*98166/Claim No. 6**

6.

Deere filed a Proof of Claim in the amount of $80,512.89, representing a properly perfected purchase money security interest in one (1) John Deere 4052M Tractor, ID No. 1LV4052MTNN108679, one (1) John Deere 2023 Gator XUV865R, ID No. 1M0865RAPPM060079, one (1) John Deere Z930M ZTrak, ID No. 1TC930MVENT101271, one (1) Frontier RC4072 Rotary Cutter, ID No. 1XFRC40XTN0007537, and one (1) Frontier AP12F FXDPAL TFRK2/3/4/500LDR, ID No. 1XFAP12FLN0078705 (collectively the "Equipment"), granted by a Loan Contract and Security Agreement (the "Security Agreement") (Claim No. 6).

7.

Pursuant to Class 4 of the Subchapter V Plan, the Equipment is to be valued at $30,000.00 and the debt secured by the Equipment will be bifurcated into an Allowed Class 4 Secured Claim in the amount of $30,000.00 and an Allowed Class 8 General Unsecured Claim in the amount of $50,512.89.  The Debtor proposes to pay the Allowed Class 4 Secured Claim with interest of 2.39% per annum through sixty (60) consecutive monthly installments of $530.97 each on the first (1st) day of each month following the Plan's Effective Date.

**<u>Objections</u>**

8.

Deere objects to the Subchapter V Plan as it does not propose to pay Deere the value of the Equipment.  Deere believes the Equipment retains a total retail value of at least $60,120.00. Deere objects to confirmation of the Subchapter V Plan unless it is paid at least the value of its Equipment.

9.

Deere objects to the interest rate proposed in the Chapter 11 Plan as it is not indicative of the risk factor associated with the case.  The Equipment, due to continued use, is rapidly depreciating.  Deere objects to the Chapter 11 Plan unless the Debtor pays Deere's claims with interest at the current *Till* rate.

10.

Deere objects to the proposed term of 60 months on Deere's Claim, and further asserts that a more appropriate term is thirty-six (36) months given the age, condition, and the Debtor's

use of the Equipment.  The depreciation rate of the Equipment is greater than the annual payments to Deere.  This significantly increases the risk factors related to the loan, thereby causing the present value of the payments made pursuant to the plan to be significantly less than the value.

11.

The proposed payments of $530.97 per month are not appropriate given the nature and use of the Equipment and risk factors associated with the loan.  The depreciation rate of the Equipment is greater than the annual payments to Deere.  This significantly increases the risk factors related to the loan, thereby causing the present value of the payments made pursuant to the plan to be significantly less than the value.

12.

Deere objects to the Subchapter V Plan to the extent it requires Deere to release its lien as to the Equipment upon payment of the Allowed Class 4 Secured Claim.  Deere should not be required to release its lien as to the Equipment until Deere's claim is paid in accordance with the Bankruptcy Code and any confirmed Plan, a discharge order is entered, and the bankruptcy case is closed.

13.

Deere objects to confirmation of the Subchapter V Plan to the extent it can be interested to stay or discharge any obligations of any non-filing obligors. Edward L. Watson, the managing member of the Debtor, is an obligor under the Security Agreement.  Mr. Watson is not a debtor in this bankruptcy case and, as of the filing of this Objection, is not a debtor in a pending

bankruptcy case.  Deere intends to collect any unpaid balances from the non-filing obligor, Edward L. Watson, unless Deere's claim is paid in full at the contractual interest rate and payment schedule.  Deere objects to confirmation of the Subchapter V Plan to the extent the Plan can be interpreted to limit or modify any of Deere's rights to collect the indebtedness from Mr. Watson.

14.

Deere reserves the right to raise further objections prior to this Court's hearing on Debtor's Chapter 11 Plan.

**WHEREFORE**, Deere prays that Debtor's Chapter 11 Plan be denied confirmation and for such other and further relief as this Court deems just and appropriate.

This 17th day of December 2024.

*/s/ Michael B. Pugh*
**MICHAEL B. PUGH**
Georgia State Bar No. 150170

For the Firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
E-mail: mpugh@tokn.com
Attorneys for Deere & Company

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                          )        CASE NO. 24-58210-BEM
                                                )
ALCOVY TRUCKING, LLC,            )        CHAPTER 11
                    Debtor.                )

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing **Objection to Confirmation of Debtor's Chapter 11 Subchapter V Plan of Reorganization** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:     *Debtor's attorney, Natalyn M. Archibong,* and *Subchapter V Trustee, Gary M. Murphey*.

I further certify that on this day I caused a copy of this document to be served via U.S. First Class Mail, with adequate postage prepaid on the parties set forth below:

Alcovy Trucking, LLC
395 Paines Crossing Road
Social Circle, GA 30025

This 17th day of December 2024.

                                                        */s/ Michael B. Pugh*
                                                        **MICHAEL B. PUGH**
                                                        Georgia State Bar No. 150170

For the Firm of
THOMPSON, O'BRIEN, KAPPLER & NASUTI, P.C.
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092
Telephone: (770) 925-0111
E-mail: mpugh@tokn.com
Attorneys for Deere & Company