**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Alcovy Trucking, LLC, | ) |
| | ) Case No.: 24-58210-bem |
| | ) |
| Debtor. | ) |
| | ) |

**NORTHPOINT COMMERCIAL FINANCE LLC'S
OBJECTION TO CONFIRMATION**

COMES NOW Northpoint Commercial Finance LLC ("NCF"), a creditor and party in interest, and pursuant to 11 U.S.C. §§ 1128 and 1129 and Federal Rules of Bankruptcy Procedure 3020(b) and 9014, files this Objection to Confirmation (the "Objection") of *Alcovy Trucking, LLC's Chapter 11 Subchapter V Plan of Reorganization* (Doc. 38), as amended by *Alcovy Trucking, LLC's First Amended Chapter 11 Subchapter V Plan of Reorganization* (Doc. 50) (collectively, the "Plan"), showing the Court as follows:

**JURISDICTION & VENUE**

1. This Objection is a contested matter, and jurisdiction and venue are proper under 28 U.S.C. §§ 1334 and 1409.

2. This Objection is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**BACKGROUND**

**A.    The Truck**

3. Pre-petition, Debtor, as buyer, and Georgia Kenworth, LLC d/b/a MHC Kenworth-Conyers ("Dealer"), as seller, entered into a sales transaction for the Debtor's purchase of a 2024 Kenworth – T880 – Dump Truck with a 16'- CS 155421222 – R/S Goodwin Dump Body S/N# 0054040, VIN 1NKZLP0X5RJ321526 (the "Truck").

4.      Debtor financed the purchase of the Truck, and, as borrower, executed a Commercial Finance Agreement (the "Finance Agreement") in favor of and Mitsubishi HC Capital America, Inc. ("Mitsubishi"), as lender, as subsequently modified by a Correction Letter dated July 12, 2023 (the "Correction Letter").

5.      Pursuant to the Finance Agreement, as modified by the Correction Letter, Mitsubishi made a loan to Debtor in the original principal amount of $261,999.66 (the "Loan") whereby Debtor agreed to make seventy-two (72) consecutive monthly payments of $5,108.45, beginning on September 1, 2023 and continuing on the first (1st) of each month thereafter.

6.      By virtue of an assignment effective on or about December 22, 2023, Mitsubishi assigned all of its right, title and interest in and to the Finance Agreement, including the equipment subject thereto, to NCF.

7.      In May 2024, Debtor defaulted under the Finance Agreement by its failure to make the monthly installment payment due by May 1, 2024.

8.      On or about July 30, 2024, according to the terms of the Finance Agreement, NCF repossessed the Truck.

9.      On August 6, 2024 (the "Petition Date"), Debtor commenced the above-captioned case by filing a voluntary petition for relief under subchapter V of Chapter 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*.

10.     Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to § 1184 of the Bankruptcy Code. Gary M. Murphey was appointed as Subchapter V Trustee in this case.

**B.     The Consent Order and Subsequent Default**

11.     On September 9, 2024, NCF filed a Motion for Relief from Stay *Nunc Pro Tunc* (Doc. 19) (the "Motion for Relief") as to the Truck.

12.     The Motion for Relief was later resolved by a Consent Order entered on October 15, 2024 (Doc. 31) (the "Consent Order").

13.     On October 25, 2024, NCF filed a notice of default (Doc. 33) (the "Notice of Default") due to Debtor's failure to comply with the terms of the Consent Order.

14.     When Debtor failed to cure the delinquencies under the Consent Order as required under the terms of the Notice of Default, NCF filed a *Notice of Termination of Stay* (Doc. 41).

15.     On November 25, 2024, this Court entered an *Order Granting Relief from Stay* (Doc. 56) terminating the automatic stay under 11 U.S.C. § 362 as to the Truck and permitted NCF to exercise all rights and remedies under state law in obtaining possession and disposing of the Truck (the "Stay Relief Order").

16.     As a result of the Stay Relief Order, NCF is in possession of the Truck and is preparing the Truck for sale.

**C.     The Debtor's Plan**

17.     On October 14, 2024, NCF filed Proof of Claim No. 7, wherein it identified a proof claim in the amount of $282,314.49 bifurcated as $210,000 secured and the remainer as unsecured (the "NCF Proof of Claim").[1]

18.     The Plan classifies NCF's claim in Class 5.  More specifically, NCF's claim is identified as $282,314.49 and bifurcated in accordance with NCF's Proof of Claim with an allowed

---

[1] NCF intends to file an amended proof of claim in the amount of $289,464.49 to incorporate additional towing and storage expenses NCF incurred in connection to repossession of the Truck due to the Debtor's failure to comply with the terms of the Consent Order.

secured claim designated Class 5 in the amount of $210,000 and an allowed general unsecured claim designated Class 8 in the amount of $72,314.49. *See* Amended Plan pp. 16-17.

## OBJECTIONS TO CONFIRMATION

19.     NCF objects to the Plan to the extent the claim amount for NCF is not consistent with NCF's Proof of Claim, as amended.

20.     NCF objects to the Plan to the extent the Plan is seeking to reconsider the Stay Relief Order.  The Truck is in NCF's possession and is being prepared for sale.

21.     NCF objects to the Plan to the extent it seeks to deprive NCF of its right to a deficiency claim after sale of the Truck.

22.     NCF objects to the Plan to the extent it seeks to discharge any third-parties including, but not limited to, any guarantors of the indebtedness owed to NCF.

## RESERVATION OF RIGHTS

23.     NCF's review of the Plan is ongoing, and NCF reserves the right to supplement this objection or otherwise assert additional objections at or prior to any hearing or further proceedings on confirmation of the Plan.

**WHEREFORE,** NCF requests that the Court sustain this objection, deny confirmation of the Plan as it is currently constituted, and grant NCF such other and further relief as may be just and equitable under the circumstances.

| | |
|---|---|
| Baker, Donelson, Bearman, | */s/ Kathleen G. Furr* |
| Caldwell & Berkowitz, P.C. | Kathleen G. Furr |
| Monarch Plaza, Ste 1500 | Georgia Bar No. 589008 |
| 3414 Peachtree Rd, NE | Kevin A. Stine |
| Atlanta, GA 30326 | Georgia Bar No. 682588 |
| (404) 577-6000 | kfurr@bakerdonelson.com |
| | kstine@bakerdonelson.com |
| | |
| | *Counsel for Northpoint Commercial Finance LLC* |

4

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *NORTHPOINT COMMERCIAL FINANCE LLC'S OBJECTION TO CONFIRMATION* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Natalyn M. Archibong
Law Offices of Natalyn M. Archibng
374 Maynard Terrace SE, Suite 206
Atlanta, GA 30316

Gary M. Murphey
Chapter 11 Subchapter V Trustee
Resurgence Financial Services, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, GA 30339

Alan Hinderleider
Office of the United States Trustee
362 Richard B. Russell Federal
Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30316

Paul Reece Marr, Esq.
Paul Reece Marr, P.C.
6075 Barfield Road, Suite 213
Sandy Springs, Georgia 30328

and the undersigned further certifies that the foregoing was served on Debtor via U.S. Mail, postage prepaid, and sent to the following address:

Alcovy Trucking, LLC
395 Paines Crossing Road
Social Circle, GA 30025

this 7th day of January, 2025.

/s/ Kathleen G. Furr
Kathleen G. Furr
Georgia Bar No. 589008

*Counsel for Northpoint Commercial Finance LLC*